IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

KRISTINE M. WEIGEL,

                                          ORDER

                Plaintiff,

                                     15-cv-697-bbc

        v.

CHRISTOPHER L. FLETCHER
and CERTIFIED RECOVERY, INC.,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Plaintiff Kristine Weigel is suing defendants Christopher L. Fletcher and Certified Recovery, Inc. for violating the Fair Debt Collection Practices Act in the context of a small claims action that defendants brought on behalf of a hospital to collect a debt. The matter before the court is defendant Certified Recovery's motion to stay the case pending a decision by the Wisconsin Court of Appeals in the small claims case. Dkt. #26. As part of that motion, Certified Recovery seeks a protective order from discovery that plaintiff has served. Dkt. #27. Plaintiff opposes both motions; defendant Fletcher says that he takes no position on them. Dkt. #37.

      Defendant Certified Recovery does not argue that a stay is mandatory. Rather, Certified Recovery asks the court to exercise its discretionary authority to stay a case pending resolution of a related proceeding. In support of its motion, Certified Recovery says that claim preclusion or issue preclusion might apply once the Wisconsin Court of

1

Appeals issues its decision, so it makes sense for this court to wait.

Defendant Certified Recovery's argument is not persuasive. If preclusion principles were to apply, they should apply *now*. Under Wisconsin law, "[t]he pendency of an appeal doesn't suspend the preclusive effect of the judgment being appealed." DeGuelle v. Camilli, 724 F.3d 933, 935 (7th Cir. 2013). Because Certified Recovery points to nothing in the state court's judgment that would preclude plaintiff from litigating this case, I see no reason to wait months or even years before the state court litigation is resolved.

Certified Recovery appears to believe that the issues could change in the state court proceedings because of arguments that plaintiff is raising on appeal, but that is simply speculation. If the state court of appeals issues a decision before this case is resolved and Certified Recovery believes the state decision has preclusive effect, Certified Recovery is free to file a timely motion for summary judgment on that issue. The other parties are free to do the same. In the meantime, however, I decline to stay this case indefinitely without a stronger showing that preclusion is likely.

ORDER

IT IS ORDERED that defendant Certified Recovery, Inc.'s motions to stay and for a protective order, dkt. ##26 and 27, are DENIED. If Certified Recovery has not yet responded to plaintiff Kristine Weigel's January 15, 2016 discovery requests, it may have

until March 24, 2016, to do so.

Entered this 15th day of March, 2016.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge